[No. 478-2.   Division Two.   April 16, 1971.]

*In the Matter of the Application for a Writ of Habeas Corpus of* CHARLES DAVID NASH, *Petitioner,* v. THOMAS G. PINNOCK, *Respondent.*

*Charles David Nash,* pro se.

*Slade Gorton, Attorney General,* and *David W. Schiffrin, Assistant,* for respondent.

PER CURIAM.—Petitioner has filed an application for a writ of habeas corpus. The writ is solely concerned with his conviction for unlawful possession of marijuana in violation of RCW 69.33, the Uniform Narcotic Drug Act.

In *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970), it was held that RCW 69.33 became inapplicable to criminal offenses involving marijuana, whether the proceeding was at the prosecution stage or pending appeal, as of the effective date of Laws of 1969, Ex. Ses., ch. 256, § 7(13), which removed marijuana from the scope of that act. The effective date of that law was August 10, 1969. The petitioner's case was then at the prosecution stage. On September 9, 1969 he was convicted by the jury for unlawful possession of marijuana in violation of RCW 69.33, which had for 1 month no longer applied to marijuana offenses. Consequently, the state joins the petitioner in asking that the

judgment and sentence in this case, Pierce County cause No. 37701, be vacated.

It is so ordered. *See Beard v. Conte,* 78 Wn.2d 902, 480 P.2d 488 (1971).